## ELEANOR CHAPEL *versus* WILLIAM H. CONGDON *et al.*

A misrecital in the condition of a bastardy bond, of the day on which the obligee made her accusation against the reputed father of the child, does not invalidate the bond.

DEBT on a bond, under *St.* 1785, *c.* 66. The case was tried before *Wilde* J.

It appeared, that on September 14th, 1833, the plaintiff complained to Thomas A. Gold, Esq., setting forth that she was pregnant with a child, which, if born alive, would be a bastard, and accused the defendant, William H. Congdon, of being the father of the child ; that Congdon was arrested and brought before Mr. Gold, on September 16th, 1833, and was ordered to give bond, with sufficient sureties, in the sum of $ 200, for his appearance at the Court of Common Pleas next to be held at Lenox, for the county of Berkshire, on the fourth Monday of October, 1833, then and there to answer to the accusation and abide the order of the court thereon ; that in pursuance of such order the defendants gave a bond dated September 16th, 1833, which is the subject of this action ; that on October 24th, 1833, the plaintiff was delivered of the child, and at the October term of the Court of Common Pleas in 1833, entered her complaint ; and that the defendant Congdon appeared and contested it.

The condition of the bond contained the following clause : " Whereas the said Eleanor Chapel hath, on her examination on oath, taken before Thomas A. Gold, Esq., justice of the peace within the county of Berkshire, on the fourteenth day of September, in the year of our Lord one thousand eight hundred and *sixteen*, accused the said Congdon of being the father of a bastard child of which she is now pregnant."

The plaintiff was prepared to show that the recital of the date in the condition, was a mistake. The Court were to render such judgment, as, upon the whole case, they should deem conformable to the law.

*Briggs* and *Bishop*, for the defendant, cited *People* v.

*Sept. 23d*

*Munroe*, 3 Wendell, 426 ; *Humphrey* v. *Watson*, 1 Root, 256 ; 3 Stark. on Evid. 1529.

*Dwight, Gold*, and *Byington*, for the plaintiff, cited to the point, that the misrecital in the bond was a clerical error and might be rejected ; *Shrewsbury* v. *Boylston*, 1 Pick. 105 ; 3 Stark on Evid. 1591 ; *Manly* v. *United M. & F. Ins. Co.* 9 Mass. R. 89 ; *Colburn* v. *Downes*, 10 Mass. R. 20 ; that a bond is good, although the condition was impossible at the time of making the obligation, Shep. Touchst. 372 ; that the defendants could not take advantage of the erroneous recital, without praying oyer and pleading the defect, *Colton* v. *Goodridge*, 2 W. Bl. 1108 ; and that the Court might look at the intent of the parties to this bond, as in this respect it stood on the same ground as other contracts, *Davis* v. *Boardman*, 1ᵒ Mass. R. 80.

Sept. 24th.  PUTNAM J. delivered the opinion of the Court. A mistake, which is obvious to all, has been made by the magistrate in the draught of the bond. If it be in matter of substance, it will be fatal ; if it be only redundant matter of description, which is not necessary to be literally proved, the claim may be supported, if enough remains to establish the identity. The rule is well stated in 3 Stark. on Evid. 1529. " It is a most general rule, that no allegation which is descriptive of the identity of that which is legally essential to the claim or charge, can ever be rejected." Now the thing which was essential to the plaintiff's claim or accusation was, that William H. Congdon was the father of the child of which the plaintiff was then pregnant, which if born alive would be a bastard. Whatever is essential to the description of that accusation may not be rejected.

But the converse of that proposition would seem to be true, that whatever is set forth which is not essential to the charge, may be rejected. They would be considered as redundant allegations, which may be rejected, and which need not be proved, provided that there be left sufficient allegations and proofs, to maintain the accusation. It would be absurd to hold a party bound to prove what may be wholly rejected from his complaint, leaving nevertheless a sufficient charge to be legally established by competent evidence.

Thus in *Colburn* v. *Downes*, 10 Mass. R. 20, the plaintiffs alleged that they, " James S. Colburn and William Gill," sued one Burton, and that the defendant became bail, &c. But in the bail bond, the plaintiffs were called John S. Colburn and George W. Gill, but were described as "of Boston, in th county of Suffolk, merchants and copartners in trade jointly negotiating in business, under the firm of Coburn & Gill." It was held to be a sufficient description of the plaintiffs. So in *Shrewsbury* v. *Boylston*, 1 Pick. 105, it was held, that the wrong date of a statute may be rejected, as surplusage, where the reference is clear without it. And see *Rodman* v. *Forman*, 8 Johns. R. 27 ; *Page* v. *Woods*, 9 Johns. R. 82 ; *Vowles* v. *Miller*, 3 Taunt. 137. So in *Judge* v. *Morgan*, 13 East, 547. In an action for a malicious prosecution, the judgment was recited, " that the plaintiffs should take nothing by their writ, but that they *and their pledges to prosecute* " should go without day. But the record had not the words " *and their pledges to prosecute.*" Held to be an immaterial omission.

Now this bond was given for the purpose of compelling the principal to appear at the Court of Common Pleas in October, 1833, to answer to the accusation before described. And it is set forth in the accusation, that the party complaining was then pregnant, and that the principal in the bond was the father of the child. The accusation is sufficiently set forth in the condition of the bond, notwithstanding the particular day on which it was made is mistaken, and a time inserted, which is necessarily inconsistent with the fact of existing pregnancy.

The bond is dated on the 16th of September, 1833. Reject the words " in the year of our Lord eighteen hundred and sixteen," (which are, in the condition, recited as the time when the accusation was made,) and there will be still left a sufficient recita of the accusation. It will appear that W. H. Congdon was to appear at the Court of Common Pleas, as above expressed, to answer the accusation which the plaintiff had made against him, of being the father of the bastard child of which she was then pregnant. The day on which she made her accusation is not an essential part of the description of it. It was to that accusation, that the principal was to appear and answer.

Chapel
v.
Congdon.

and abide the order of the court thereon. He could not mistake his duty. But he failed to do it ; and we all think that the judgment should be entered up against him upon the bond.